**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 3, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Mona S. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1392-CDA

Dear Counsel:

On May 24, 2023, Plaintiff Mona S. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claims for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 10), the parties' briefs (ECFs 12, 15), and Plaintiff's Motion for Remand (ECF 12). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will GRANT Plaintiff's Motion, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 23, 2014, alleging a disability onset of June 1, 2012. Tr. 371–81, 838. Plaintiff's claims were denied initially and on reconsideration. Tr. 317–24, 327–30. On September 26, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 217–43. On January 12, 2018, the ALJ determined that Plaintiff was not disabled under the Social Security Act[2] during the relevant time frame. Tr. 296–316. The Appeals Council declined to review that decision, Tr. 1–9, so Plaintiff appealed to this Court, Tr. 891–99. The Court remanded Plaintiff's case to the SSA. Tr. 900–03. A new hearing was held on February 1, 2022. Tr. 853–82. On July 27, 2022, the ALJ issued a second unfavorable decision on Plaintiff's claims. Tr. 822–47. That decision is the final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. §§ 404.984(d), 416.1484(d).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 24, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

## II.  THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity" since the alleged onset date.  Tr. 828.  At step two, the ALJ found that Plaintiff had severe "bipolar disorder, depressive disorder, and post-traumatic stress disorder," and that Plaintiff had non-severe "obesity," "diabetes," "hypertension," and "kerotoconia."[3]  Tr. 829.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.*  The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: She can perform simple, routine tasks, with occasional changes in the work setting and no more than occasional judgment or decision-making, and no production-rate for pace of work (e.g., assembly-line work). She can tolerate occasional interaction with the general public, coworkers, and supervisors.

Tr. 831.  The ALJ found that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 836–37. Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 838.

## III.  LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance."  *Id*.  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their

---

[3] The ALJ apparently intended to refer to "[k]eratoconus."  Tr. 673.

decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

## IV. ANALYSIS

Plaintiff argues that the ALJ erred because: (1) they did not support each conclusion with a narrative discussion; (2) they "improperly performed a symptom-based analysis, rather than a function-by-function assessment"; (3) they "failed to properly evaluate pertinent evidence"; and (4) they "failed to set forth any explanation as to how [they] determined that an individual with moderate limitations in concentration, persistence, or pace would be capable of maintaining[] concentration, attention, and pace for 90 percent or more of the workday." ECF 12, at 5–17. Defendant counters that: (1) the ALJ's decision "includes the necessary detail[] required for this Court to trace the path" of the ALJ's reasoning; (2) the ALJ did not "conflate the evaluation of Plaintiff's symptoms with an RFC assessment"; (3) the ALJ's evaluation of evidence comported with governing legal standards; and (4) the ALJ "did not find that Plaintiff [needed to be] off-task for any particular period of time, and he was under no obligation to do so." ECF 15, at 6–17.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The Court agrees that the ALJ committed reversible error by failing to explain how, despite Plaintiff's moderate limitations in concentration, persistence, and pace ("CPP"), she could stay on task for ninety percent of the workday. *See McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600–03 (D. Md. 2016). In *McLaughlin*, an ALJ found that a claimant had moderate CPP limitations, and a vocational expert testified that "[a] person 'off task' more than 15% of the workday . . . could not perform any work." *Id.* at 596–97. The ALJ did not address whether the claimant's CPP limitations would cause her to be off-task for longer than the period deemed work-preclusive by the vocational expert. *See id.* at 602. The Court found that the ALJ adequately accommodated the claimant's CPP limitations in the RFC assessment by providing her with "a few extra minutes of supervision at times of task change[.]" *Id.* But, because it is "reasonable to assume" that moderate CPP limitations "translate into a decrease in productivity," the Court held that the ALJ erred by failing to explain how the claimant "could remain productive for at least 85% of the workday" in light of her CPP limitations and the vocational expert's testimony. *Id.* Because the ALJ did not provide this explanation, the Court remanded the case for lack of substantial evidence. *Id.* at 603.

Here, the ALJ determined that Plaintiff had moderate CPP limitations, and the vocational expert determined that a hypothetical employer would not "tolera[te]" an employee's time off-task if it exceeded ten percent of the workday. Tr. 830, 880. But, like the ALJ in *McLaughlin*, the ALJ

here did not expressly address Plaintiff's ability to remain on-task despite her CPP limitations. Consequently, the ALJ's decision lacks "an accurate and logical bridge from the evidence to [the ALJ's] conclusion[s]," and "remand is appropriate[.]" *McLaughlin*, 200 F. Supp. 3d at 602–03.

Remand is also warranted in light of the Fourth Circuit's instruction that, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to analyze that function is appropriate. *Dowling v. Comm'r, Soc. Sec. Admin*, 986 F.3d 377, 389 (4th Cir. 2021). Here, given the vocational expert's testimony, a finding regarding the amount of time that Plaintiff must spend off task may preclude work at step five. Despite the relevance of time off task to this case's outcome, the ALJ failed to assess the issue, leaving the Court unable to conclude that the ALJ's step-five findings are premised on a proper RFC assessment. Remand is therefore warranted. On remand, the ALJ must either: (1) "articulate why" Plaintiff is able to "remain productive" for eighty-five percent of the workday given her CPP limitations or (2) explain why those limitations "would not significantly impact" Plaintiff's productivity. *McLaughlin*, 200 F. Supp. 3d at 602–03.

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion on the ALJ's conclusion regarding Plaintiff's entitlement to benefits.

## V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Remand, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge