# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Mona S. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
        Civil No. 23-1392-CDA

Dear Counsel:

On May 17, 2024, pursuant to Local Rule 105.10, Defendant filed a Motion to Alter/Amend Judgment ("Motion") relating to the Court's May 3, 2024 Memorandum Opinion and Order (the "May 3, 2024 Decision"), which reversed and remanded the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") decision and closed this case. *See* ECFs 17, 18.  Plaintiff filed a response in opposition on May 31, 2024.  *See* ECF 19.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons explained below, the Court will DENY Defendant's Motion to Alter/Amend Judgment.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to alter or amend, under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e).  *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).  Under Rule 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).  "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through— rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).  The first two criteria are inapplicable here, and Defendant fails to satisfy the third criteria.

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 24, 2023.  ECF 1.  Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

Mona S. v. O'Malley
Civil No. 23-1392-CDA
August 23, 2024
Page 2

Defendant requests that the Court alter or amend its May 3, 2024 Decision because it is "based on clear errors of law[.]" ECF 18-1, at 10. Specifically, Defendant contends that the ALJ adequately "addressed Plaintiff's moderate [concentration, persistence, or pace] CPP limitations by including in the [RFC], limitations to simple, routine tasks with occasional changes in the work setting, no more than occasional judgment or decision-making, and no production-rate for pace of work (*e.g.*, assembly-line work)." ECF 18-1, at 3 (quoting Tr. 831). Defendant avers that remand based on the vocational expert's ("VE") testimony regarding off-task percentage is improper. ECF 18-1, at 7-10. Plaintiff counters that alteration is unwarranted because, after the ALJ determined that Plaintiff had a moderate CPP limitation, the ALJ failed to explain his rationale for excluding a limitation regarding Plaintiff's "ability to stay on task or to persist[.]" ECF 19, at 6. Notably, the ALJ contemplated this limitation when the VE testified "that if an individual was off task greater than [ten] percent of the time, [it] would be work preclusive." ECF 19, at 6.

The Court agrees with Plaintiff's reasoning. In this case, the ALJ failed to explain how Plaintiff could stay on task or persist for ninety percent of the workday. ECF 16, at 3. The undersigned based this holding on *McLaughlin v. Colvin*, 200 F. Supp. 3d 591 (D. Md. 2016). In *McLaughlin*, the Court remanded the claimant's case to the Commissioner when the ALJ failed to address "whether the claimant's CPP limitations would cause her to be off-task for longer than the period deemed work-preclusive by the [VE]." ECF 16, at 3 (quoting *McLaughlin*, 200 F. Supp. 3d at 596-97). Because it was "reasonable to assume that moderate CPP limitations translate into a decrease in productivity," *McLaughlin* held that "the ALJ erred by failing to explain how the claimant could remain productive for at least 85% of the workday in light of her CPP limitations and the vocational expert's testimony." *Id.* Due to the severity of Plaintiff's mental impairments and concentration issues addressed throughout the record in this case, I agreed with *McLaughlin's* reasoning and remanded Plaintiff's case.

Other circuits have applied reasoning consistent with *McLaughlin*'s. The Seventh Circuit vacated the denial of benefits because the ALJ's RFC assessment ignored evidence of the claimant's moderate CPP limitations and ability to work at a sustained pace. *See Crump v. Saul*, 932 F.3d 567 (7th Cir. 2019). Similar to the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Seventh Circuit held that an ALJ may not restrict their hypothetical question to a VE with terms such as "simple, repetitive tasks" because there is no basis to conclude that they accounted for a limitation in CPP. *Crump*, 932 F.3d at 570. The court reasoned that the "ALJ seemed to recognize [the claimant's] CPP challenges when, in formulating the second hypothetical for the VE, [the ALJ] incorporated the express functional limitation of a person able to perform simple and repetitive tasks also being off-task 20% of the time . . . ." *Id.* However, the ALJ in *Crump* failed to incorporate this opinion anywhere "in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave." *Id.* Thus, the Seventh Circuit held that the ALJ's "RFC analysis did not say enough either to accommodate or rule out what the VE's testimony and the medical record otherwise made clear—that [the claimant's] difficulties with [CPP] pose a significant hurdle for her to stay on task at work." *Id.* at 571.

Similarly, the Second Circuit vacated and remanded where the ALJ, among other things, failed to properly explain the off-task formula they created. *Cosnyka v. Colvin*, 576 F. App'x 43,

Mona S. v. O'Malley
Civil No. 23-1392-CDA
August 23, 2024
Page 3

46 (2d Cir. 2014). Because of this failure, in conjunction with the fact that the VE testified that longer periods would be work-preclusive, the court held that the ALJ's decision was unsupported by substantial evidence. *Id.*; *see also Rugless v. Comm'r of Soc. Sec.*, 548 F. App'x 698, 700 (2d Cir. 2013) (remanding when the ALJ presented a twenty percent off task hypothetical to the VE, rendering a work preclusive response, and failing to include a limitation or clarify conflicting evidence).

Defendant offers no Supreme Court or Fourth Circuit precedent supporting its position, and the Court is aware of none directly addressing this issue. However, a recent Fourth Circuit decision noted a "growing conversation surrounding chronic disease, highlighting, in particular, the unique and subjective nature of chronic depression" in sister circuits. *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 368 (4th Cir. 2023). The court highlighted a "critical piece of information" that the ALJ abandoned—the VE's testimony illuminating that an individual with psychological impairments with certain off task limitations would have no suitable jobs in the national economy. *Id.* Given this information, the court was "perplexed by the ALJ's dismissal of [the] significant testimony." *Id.*

Contrary to Defendant's contention that an ALJ need not contemplate an off-task limitation posed to the VE, *see* ECF 18-1, at 8-9, the Court followed both *McLaughlin* and *Crump* in multiple cases.[2] Indeed in certain scenarios, as Defendant presented, an ALJ may properly account for a moderate CPP limitation or adequately explain the exclusion of a work preclusive off-task limitation. For instance, in *Stacey F. v. Kijakazi*, the Court affirmed the ALJ's decision even when the ALJ excluded the five percent off-task limitation considered by the VE. No. BAH-22-2362, 2023 WL 3932239, at *3 (D. Md. June 9, 2023). *Stacey F.* is distinguishable from this case in various ways: that claimant had both severe physical *and* mental impairments—and only one mental impairment (affective mood disorder). The Court found the ALJ's narrative consistent; and the claimant did not argue that the presented limitations in the RFC were insufficient to account for her moderate CPP difficulties. *Id.* at *2-3, n.4.

---

[2] Defendant acknowledges these cases disagreeing with its position but states they "were wrongly decided." ECF 18-1, at *10 n.3. Numerous cases in this District follow both *Crump* and *McLaughlin* when remanding where the ALJ does not adequately support the RFC relating to off-task and CPP limitations. *See e.g.*, *Jerome D. v. Kijakazi*, No. TMD 20-1706, 2021 WL 5999259, at *5 (D. Md. Dec. 20, 2021) (finding remand warranted because the ALJ did not explain how, despite the plaintiff's moderate CPP limitation, he could be productive at least ninety percent of the workday, when the VE testified that an individual may be work precluded if off task less than ninety percent); *James B. v. Kijakazi*, No. DLB-20-1243, 2021 WL 3912279, at *4 (D. Md. Sept. 1, 2021) (same, with an eighty-five percent off-task limitation); *Theresa G. v. Kijakazi*, No. AAQ-21-02398, 2022 WL 4719209, at *3 (D. Md. Oct. 1, 2022) (ninety percent limitation); *Maryann H. v. Kijakazi*, No. TMD 20-2520, 2021 WL 5239852, at *5 (D. Md. Nov. 10, 2021) (same); *Ansah v. Saul*, No. JMC-19-2503, 2021 WL 962702, at *5 (D. Md. Mar. 12, 2021) (eighty-five percent limitation).

Mona S. v. O'Malley
Civil No. 23-1392-CDA
August 23, 2024
Page 4

     The Court is mindful that social security appeals exist in a unique legal landscape; rarely, if ever, are two cases the same. Every case cited by Defendant is its own. While certain concepts and arguments may be commonplace, each claimant involves their own individualized set of facts, varied narratives, list of impairments, and medical histories, such that each appeal is distinct. In that way, propositions are often broadly applicable, yet the applications thereof must consider specific, meaningful variations and distinctions in both facts and ALJ analyses. The fact that *Stacey F.*, or a host of other opinions considering the same concepts, reached a conclusion does not dictate the same occur here.

     In this case, the ALJ determined that Plaintiff had no severe physical impairments, only severe *mental* impairments, including bipolar disorder, depressive disorder, and post-traumatic stress disorder. ECF 16, at 2 (citing Tr. 829). The ALJ concluded the Plaintiff had a moderate CPP limitation. Tr. 830. By failing to include an explanation regarding Plaintiff's ability to stay on task despite her moderate CPP limitations—an essential portion of the analysis—the ALJ left the RFC altogether uninformed. *See Dowling v. Comm'r, Soc. Sec. Admin*, 986 F.3d 377, 389 (4th Cir. 2021) (stating that when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to analyze that function is appropriate). This error is especially harmful due to the conflicting evidence surrounding Plaintiff's ability to stay on task throughout the record.[3] Consequently, the Court concluded that the ALJ's decision lacks "an accurate and logical bridge from the evidence to [the ALJ's] conclusion[s]," and "remand is appropriate[.]" ECF 16, at 4 (citing *McLaughlin*, 200 F. Supp. 3d at 602-03). In remanding, the Court is not requiring the ALJ to include the off-task limitation proffered by the VE. But if it chooses to include an off-task limitation, the "ALJ must either: (1) 'articulate why' Plaintiff is able to 'remain productive' for ninety percent of the workday given her CPP limitations or (2) explain why those limitations 'would not significantly impact' Plaintiff's productivity." ECF 16, at 4 (quoting *McLaughlin*, 200 F. Supp. 3d at 602-03).

     At bottom, Defendant asks the Court to "re-think what the Court already thought through, – rightly or wrongly," an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at \*1.

---

[3] Here, the ALJ made inconsistent findings regarding Plaintiff's concentration. In some instances, the ALJ noted that it was affected by her severe impairments. *See* Tr. 836 ("As explained at length above, the evidence shows that [Plaintiff's] symptoms can affect her mood, concentration"), 835 ("consultative examinations established that [Plaintiff's] symptoms affected her concentration") 832 ("her concentration is poor"), 833 ("Dr. Dhit noted some deficits in memory and concentration."). While in other portions of the narrative, the ALJ noted her concentration was intact. *See* Tr. 833 ("Her attention, concentration . . . have been intact."), 834 ("An ability to drive generally demonstrates, among other things, the ability to maintain attention, concentration, and persistence[.]"). SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at \*7 (July 2, 1996); *see Mallett v. Berryhill*, No. D-18-0241, 2019 WL 2932776, at \*4 (E.D.N.C. June 17, 2019) (citation omitted) ("An ALJ's opinion that is internally inconsistent frustrates meaningful review and requires remand.").

*Mona S. v. O'Malley*
Civil No. 23-1392-CDA
August 23, 2024
Page 5

Defendant's position fails to demonstrate that "there has been a clear error of law or a manifest injustice." *Robinson*, 599 F.3d at 407.

     For the foregoing reasons, Defendant's Motion to Alter/Amend Judgment, ECF 18-1, is DENIED.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

                         Sincerely,

                            /s/

                         Charles D. Austin
                         United States Magistrate Judge